UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN STONE and<br>WILLIAM R. VERNOR<br>Plaintiff<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>ST. CHARLES COMMUNITY<br>HEALTH CENTER, INC.,<br>CYNTHIA CALDWELL, D.D.S.<br>Defendants | CASE NO.:<br><br>JUDGE:<br><br>MAGISTRATE: |

* * * * * * * * * * * * * * * * *

## COMPLAINT FOR DAMAGES

Petitioners, SUSAN STONE and WILLIAM R. VERNOR ("Petitioners"), respectfully submit their Complaint for Damages and aver as follows:

### PARTIES

1.

a. SUSAN STONE, a person of the full age of majority, domiciled in the Parish of St. Charles, State of Louisiana; and

b. WILLIAM R. VERNOR, a person of the full age of majority, domiciled in the Parish of St. Charles, State of Louisiana, and the spouse of petitioner, SUSAN STONE.

2.

Made Defendants herein are:

1

a.  THE UNITED STATES OF AMERICA, a sovereign government amendable to suit for civil liability in accordance with the federal laws and regulations set forth herein and at all times was acting by and through the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;

b.  UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, a governmental agency which is under the jurisdiction and supervision of THE UNITED STATES OF AMERICA, and a division of the United States Government;

c.  ST. CHARLES COMMUNITY HEALTH CENTER, INC. a domestic non-profit corporation located in Luling, Louisiana, licensed and authorized to do and doing business in the Parish of St. Charles, State of Louisiana and, upon information and belief, is an eligible health center under the jurisdiction and supervision of THE UNITED STATES OF AMERICA and/or the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and

d.  CYNTHIA CALDWELL, D.D.S., which, upon information and belief, is a person of the full age of majority domiciled in the Parish of St. Charles, State of Louisiana and at all times pertinent herein was an employee of and/or was acting in the course and scope of her employment with ST. CHARLES COMMUNITY HEALTH CENTER, INC., and was under the jurisdiction and supervision of THE UNITED STATES OF AMERICA and/or the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES.

All of the above parties and/or entities are divisions of The United States Government (collectively referred to herein as "The United States").

## JURISDICTION

3.

This Court maintains subject matter jurisdiction over this action pursuant to 28 U.S.C. §1346(B) (Defendant United States) in that this is a civil action on a claim against The United States for money damages or personal injuries caused by the negligence or wrongful act or omission of an employee of the government while acting within the scope of his office or employment and 28 U.S.C. § 2671, *et seq.* (Federal Tort Claims Act), and, alternatively, for violation of the Constitution and laws of the State of Louisiana, as well as the Constitution and laws of The United States of America pursuant to 28 U.S.C. § 1331.

4.

Additionally, this Court has supplemental jurisdiction over 28 U.S.C. § 1367 which give this Court supplemental jurisdiction over state law claims.

5.

In the further alternative, Petitioner pleads all causes and jurisdiction under Section 224 of the Public Health Services Act, 42 U.S.C. § 233.

6.

This Court maintains subject matter jurisdiction of the negligence claims of Petitioner against The United States of America pursuant to the Federal Tort Claims Act ("FTCA").  On or about July 25, 2014, Petitioners presented their written administrative claims on the Standard Form (SF) 95 Claim for Damage, Injury or Death in writing to the appropriate federal agencies

3

as provided under the appropriate federal law and regulation for personal injuries and any and all damages sustained as a result of the medical malpractice of ST. CHARLES COMMUNITY HEALTH CENTER, INC. and CYNTHIA CALDWELL, D.D.S., an eligible health center and an employee of an eligible health care center under the jurisdiction and supervision of THE UNITED STATES OF AMERICA and/or the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES. (See Exhibit 1, a copy of which is attached hereto.). Petitioners' claim was received by the appropriate agency on July 28, 2014. (See Exhibit 2, a copy of which is attached hereto.).

7.

Further, on or about October 23, 2014, THE UNITED STATES OF AMERICA and/or the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES denied Petitioners' claim in writing and said denial was sent by certified mail dated October 23, 2014. (See Exhibit 3, a copy of which is attached hereto.). Thus, Petitioners' claim is timely.

## **VENUE**

8.

Venue is proper pursuant to the provisions of 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of the property that is the subject of the incident is situated within the Eastern District of Louisiana.

## WAIVER OF SOVERIGN IMMUNITY

9.

The United States of America waived foreign sovereign immunity in connection with the claims asserted in this action by the enactment of the FTCA, 28 U.S.C. § 2671, *et seq.* and other laws of the State of Louisiana and of The United States of America.

## FACTUAL ALLEGATIONS

10.

On September 7, 2012, petitioner, SUSAN STONE ("Ms. Stone"), presented to the St. Charles Community Health Center due to a lost filling in the #12 tooth. Prior to this visit, Ms. Stone treated at this facility for various dental and medical needs.

11.

At this time, Ms. Stone was seen by CYNTHIA CALDWELL, D.D.S. ("Dr. Caldwell").

12.

To evaluate the complaints, Dr. Caldwell ordered a periapical X-ray. In order to restore the tooth, Dr. Caldwell determined the tooth required a root canal therapy ("RCT") and crown and, thus, recommended that the #12 tooth be extracted. Despite the presence of an infection and recommendation for an RCT, no antibiotics were prescribed by Dr. Caldwell.

13.

The extraction was then performed by Dr. Caldwell on September 18, 2012. Following the extraction, the area was irrigated with saline water and gauze was placed over the extraction site. Ms. Stone was then provided post-operation instructions, which included an order to not smoke for at least 48 hours. Antibiotics were not prescribed.

14.

On September 21, 2012, Ms. Stone called Dr. Caldwell's office complaining of pain in the area where the extraction was performed and questioned why she was not given antibiotics. She also requested pain medication due to her ongoing discomfort. Ms. Stone was informed that antibiotics were not necessary at the time of the extraction and, thus, was not prescribed antibiotics. Rather, she was prescribed Motrin. Ms. Stone waited the requisite time before smoking.

15.

Ms. Stone returned to Dr. Caldwell on September 25, 2012 due to continued pain complaints. An oral examination revealed that bone was exposed. Dr. Caldwell then agitated the area until blood formed in the socket and placed dry socket paste on the area. Ms. Stone was instructed to refrain from smoking for one week. Again, antibiotics were not prescribed.

16.

Due to the same continued complaints, Ms. Stone began treating with Demanis Bastian, D.D.S. on October 3, 2012. Ms. Stone informed Dr. Bastian of the extraction and the events following the procedure performed by Dr. Caldwell.

17.

To evaluate the complaints, an oral examination was performed by Dr. Bastian which revealed that "straw colored" fluid was present in the socket. Further, when Ms. Stone tilted her head forward, she felt pressure in the left upper jaw bone. Dr. Bastian opined this was an indication of sinusitis.

18.

The radiograph of the extraction site showed that the site was in close proximity to the sinus. Dr. Bastian determined that the dry socket and sinus infections "were associated with the communication of the extraction site."

19.

Unlike Dr. Caldwell, Dr. Bastian prescribed Ms. Stone antibiotics. After being prescribed antibiotics by Dr. Bastian, the infection began to clear.

20.

Dr. Bastian treated Ms. Stone by soaking gauze with Engenol and placing in the socket. Ms. Stone achieved relief.

21.

Ms. Stone had a scheduled appointment with Dr. Caldwell on October 4, 2012 to address the pain issues stemming from the dry socket. However, she did not attend this appointment as she decided to seek treatment elsewhere since she was not achieving relief.

22.

To further evaluate the complaints, Dr. Bastian provided Ms. Stone a referral for an oral surgeon. Pursuant to Dr. Bastian's recommendations to treat with an oral surgeon, Ms. Stone began treating with Daniel Harris, D.D.S. of Dr. Anthony Indoniva's office on October 5, 2012 to evaluate her dry socket and sinus issues.

23.

During her initial visit with Dr. Harris, Ms. Stone noted that she had clicking and popping of the jaw joint, pain near her ear, difficulty opening her mouth and she was grinding and clenching her teeth.

24.

Dr. Harris contacted Dr. Bastian's office to verify that the infection was clearing as a result of the antibiotics prescribed by Dr. Bastian and that he would be placing a graft prior to placing an implant to replace the #12 tooth.

25.

As a direct result of Dr. Caldwell's breach of the standard of care by failing to prescribe antibiotics, Ms. Stone developed a dry socket which caused her to experience significant pain and discomfort, and, later, to undergo a bone graft.

26.

Petitioners' expert, Stuart J. Guey, D.D.S., opined in his report, a copy of which was provided to the appropriate agency in review of the Petitioners' FTCA claim, that Dr. Caldwell breach of the standard of care.

27.

To date, Ms. Stone continues to experience pain and neurological deficits for which she continues to receive treatment and or incur medical expenses.[1]

---

[1] On August 26, 2013, Petitioner filed a complaint with the Louisiana Patient's Compensation Fund ("PCF") pursuant to La. R.S. 40:1299.47(A)(1)(c) and La. R.S. 40:1299.47(A)(2)(b). Petitioner was notified on or about September 11, 2013 that ST. CHARLES COMMUNITY HEALTH CENTER, INC. and CYNTHIA CALDWELL, D.D.S. are not qualified health care providers and do not have coverage in the PCF under the provisions of La. R.S. 40:1299.41, *et seq*. Subsequent to filing suit in the Parish of St.

## CAUSES OF ACTION AND DAMAGES

28.

Petitioners aver that their injuries were caused solely and entirely through the negligence and/or fault of the The United States in the following acts of commission and omission:

1. Deviating from the standard of care by failing to prescribe Ms. Stone antibiotics during her initial consultation on September 7, 2012; failing to prescribe antibiotics following the extraction of the #12 tooth on September 18, 2012; failing to prescribe antibiotics her follow-up visit on September 21, 2012; and failing to prescribe antibiotics after confirming the presence of exposed bone and administering dry socket medication;

2. Failing to take the appropriate measures to prevent and/or lessen the chances of injuries to Ms. Stone;

3. Failing to review the medical records and recognizing that, in light of Ms. Stone's history of smoking and diabetes, Ms. Stone is at a higher risk of dental infection;

4. Failing to warn Ms. Stone of the potential dangers and risks associated with the RCT;

5. Failing to properly, responsively, and timely follow-up Ms. Stone; and

6. Any and all other acts of negligence that will be established through discovery and at trial.

---

Charles, State of Louisiana, Petitioner learned that any action against ST. CHARLES COMMUNITY HEALTH CENTER, INC. and CYNTHIA CALDWELL, D.D.S. would have to be performed pursuant to the FTCA, as these parties were eligible health care centers and/or an employee of and eligible health care center of The United States of America.

All of which acts of commission and omission were negligent and in violation of common sense, common care, and common prudence and all in violation of the laws of this State and Parish which are pleaded herein as if copied *in extenso*.

29.

The above enumerated acts of commission and omission are deviations from the standard of care and ultimately resulted in Ms. Stone suffering the injuries complained of herein and having to undergo a bone graft prior to placing an implant to replace the #12 tooth.

30.

At all material times, the defendant, CYNTHIA CALDWELL, D.D.S., was in the course and scope of her employment with ST. CHARLES COMMUNITY HEALTH CENTER, INC., an eligible health care center under the jurisdiction and/or supervision of THE UNITED STATES OF AMERICA and/or the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES. By virtue of said employment relationship, THE UNITED STATES OF AMERICA and/or the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES is liable for the acts of its employee.

31.

Petitioners aver that they have the right to recover from the Defendants herein all mental and physical pain and suffering, medical expenses, lost wages, disability, loss of lifestyle, and any and all other items of damage which may be associated herewith.

32.

Petitioner, WILLIAM R. VERNOR, is the husband of SUSAN STONE. Because of the injuries and damages sustained by Ms. Stone described herein, Mr. Vernor has been damaged in the following non-exclusive ways:

- A. He has lost the labor and services of his wife, which contributed a tremendous amount to the running of their household; and
- B. He has suffered loss of society, consortium, companionship, and affection of his wife due to her injured, disabled, and painful condition.

33.

Petitioners seeks a judgment for all damages to which it is entitled arising out of the fault and/or negligence of The United States and/or its employees.

34.

Petitioners reserve the right to trial by jury, the amount and time for filing a jury cost bond to be fixed when the case is set for trial.

**PRAYER FOR RELIEF**

WHEREFORE, petitioners, SUSAN STONE and WILLIAM R. VERNOR, pray that defendants, THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ST. CHARLES COMMUNITY HEALTH CENTER, INC. and CYNTHIA CALDWELL, D.D.S., through their proper officers and/or agents for service of process, be duly served with a copy of this Complaint for Damages and cited to appear and answer same; and that after due proceedings are had, there be judgment rendered herein in favor of petitioners, SUSAN STONE and WILLIAM R. VERNOR, and against defendants, THE

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, ST. CHARLES COMMUNITY HEALTH CENTER, INC. and CYNTHIA CALDWELL, D.D.S., jointly, severally and *in solido*, in an amount as is reasonable in the premises, together with legal interest thereon from date of judicial demand, for all costs of these proceedings and for all general and equitable relief.

Respectfully submitted,

**PALAZZO LAW FIRM**

/s/ Leo J. Palazzo
**LEO J. PALAZZO, T.A. (LA #22130)**
leo@palazzolaw.com
**JASON J. MARKEY (LA #29722)**
jmarkey@palazzolaw.com
**MICHAEL J. MONISTERE, APLC (# 21360)**
michael@palazzolaw.com
**MARIO A. ARTEAGA, JR. (# 31417)**
mario@palazzolaw.com
732 Behrman Highway, Suites F&G
Gretna, Louisiana  70056
Telephone:  (504) 433-1442
Facsimile:   (504) 433-9111
*Attorneys for Petitioners*

**PLEASE SERVE:**

**The United States of America**
Through the United States Attorney
Eastern District of Louisiana
Attention:  Civil Process Clerk
650 Poydras Street, Suite 1600
New Orleans, LA  70130

   -   And   -

Attorney General of the United States
Department of Justice
Room 5111
10th & Constitution Avenue, NW
Washington, D.C. 20530


**St. Charles Community Health Center, Inc.**
*Through its Registered Agent:*
Jack M. Stolier
909 Poydras Street, Suite 2600
New Orleans, Louisiana 70112


**Cynthia Caldwell, D.D.S.**
843 Milling Avenue
Luling, Louisiana 70070