# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN STONE, ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-382** |
| **UNITED STATES OF AMERICA**<br>    **Defendant** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion *in limine* to preclude Dr. Daniel Trahant from offering certain testimony at the bench trial of this case.[1] The motion is opposed.[2] For the reasons that follow, the motion *in limine* is **DENIED**.

## BACKGROUND

Plaintiffs' claims arise under the Federal Tort Claims Act ("FTCA").[3] On September 7, 2012, Plaintiff Susan Stone ("Stone") saw Dr. Cynthia Caldwell at the St. Charles Community Health Center because of a lost filling in her tooth.[4] Dr. Caldwell recommended the tooth be extracted and determined Stone needed a root canal therapy.[5] The Plaintiffs allege that, despite the presence of an infection and the recommendation for a root canal, Dr. Caldwell did not prescribe Stone any antibiotics.[6]

Dr. Caldwell performed the tooth extraction on September 18, 2012.[7] On September 21, Stone called Dr. Caldwell's office complaining of pain and asked why she was not given antibiotics.[8] The office informed Stone antibiotics were not necessary.[9]

---

[1] R. Doc. 66.
[2] R. Doc. 71.
[3] R. Doc. 1.
[4] *Id.* at 5.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 6.
[9] *Id.*

On September 25, 2012, Stone saw Dr. Caldwell again because of continued pain.[10] An oral examination revealed that bone was exposed. Dr. Caldwell "agitated the area until blood formed in the socket and placed dry socket paste on the area." No antibiotics were prescribed.[11]

Stone alleges she continues to experience pain and neurological deficits for which she continues to receive treatment and incur medical expenses.[12]

Plaintiffs filed this suit against Dr. Caldwell and the St. Charles Community Health Center, as well as the United States ("USA" or "Government") and the U.S. Dept. of Health and Human Services.[13] Plaintiffs allege at all material times, Dr. Caldwell was in the course and scope of her employment with the St. Charles Community Health Center, an eligible health care center under the jurisdiction and/or supervision of the United States and/or the U.S. Department of Health and Human Services.[14] Plaintiffs allege that Dr. Caldwell deviated from the standard of care in failing to prescribe antibiotics and to take measures to lessen or prevent Stone's injuries.

After filing suit, Stone was treated three times by Dr. Daniel Trahant, a neurologist.[15] The Plaintiffs have designated Dr. Trahant as a "treating physician" witness under Rule 26(a)(2)(C).[16] In the pre-trial order, the Plaintiffs state he "will testify regarding his treatment of and his observations regarding Ms. Stone."[17] The Plaintiffs represent that Dr. Trahant was not retained as an expert witness, and for this reason, he

---

[10] *Id.*
[11] *Id.*
[12] *Id.* at 8.
[13] *Id.* at 10.
[14] *Id.*
[15] *See* R. Doc. 66-2.
[16] R. Doc. 60 at 9.
[17] *Id.*

did not prepare a Rule 26 expert report. Dr. Trahant was deposed on September 28, 2016.[18]

The Government seeks to preclude Dr. Trahant from offering certain testimony at trial.[19] The Government argues Dr. Trahant "is not a treating physician but one retained or specially employed to provide expert testimony in this case."[20] According to the Government, during Dr. Trahant's deposition, he gave an opinion regarding causation based on his review of dental records of Dr. Caldwell, Dr. Bastian, Dr. Indovina, and Dr. Harris, and of the expert reports of Dr. Guey and Dr. Crowley.[21] Dr. Trahant, however, did not prepare a written expert report, which the Government contends is required by Rule 26(a)(2)(B) before he may be allowed to express his opinion regarding causation.[22] For that reason, the Government contends Dr. Trahant's testimony should be stricken, or alternatively, should be limited to his personal knowledge of his treatment of Ms. Stone.[23]

## LAW AND ANALYSIS

The admissibility of expert opinion testimony is governed by Federal Rule of Civil Procedure 26. Rule 26(a)(2)(B) provides that, "if the witness is one retained or specially employed to provide expert testimony in the case," the witness must prepare and sign a written expert report that includes, *inter alia*, a "complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26 contemplates, however, that some witnesses who offer expert testimony, but were not specifically retained to do so, need not prepare an expert report. This latter category of witnesses, who are often

---

[18] R. Doc. 66-3.
[19] R. Doc. 66.
[20] *Id.* at 1.
[21] R. Doc. 66-1 at 2.
[22] *Id.*
[23] R. Doc. 66.

3

referred to as "non-retained experts," includes treating physicians.[24] In fact, it is well accepted that "[t]reating physicians are not required to submit an expert report under Rule 26."[25] Without having to provide an expert report, "[a] treating physician may testify to his opinions about a plaintiffs injuries if his testimony is based on knowledge acquired during the course of his treatment of the plaintiff."[26] However, where a physician's testimony "relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like an expert and must submit a report under Rule 26(a)(2)(B)."[27] Some courts have noted that the "relevant question" is whether the "treating physicians acquired their opinions . . . directly through their treatment of the plaintiff."[28] A court in the Western District of New York defined the distinction between retained experts and treating physicians as follows:

> Experts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physician[']s personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources.[29]

---

[24] *See, e.g.*, *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at *2–3 (E.D. La. Oct. 3, 2014).
[25] *Butler v. Louisiana*, No. 12-00420-BAJ-RLB, 2014 WL 7186120, at *2 (M.D. La. Dec. 16, 2014) (citing FED. R. CIV. P. 26(a)(2)(B) advisory committee's notes, 1993 amendment (treating medical professionals may be "called to testify at trial without any requirement for a written report")). "A written report is . . . not required for a treating physician whose testimony and opinions derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a specially retained expert." *Knorr v. Dillard's Store Servs., Inc.*, No. Civ.A. 04-3208, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005) (citing *Gray v. Vastar Offshore, Inc.*, No. Civ.A. 04-1162, 2005 WL 399396, at *1 (E.D. La. Feb. 14, 2005)).
[26] *Knorr*, 2005 WL 2060905, at *3. "A number of courts [have] determined that a treating physician may offer testimony as a non-retained expert if the testimony is confined to those facts or data the physician learned during actual treatment of the plaintiff." *Rea*, 2014 WL 4981803, at *2 (citing *Morgan v. Chet Morrison Contractors, Inc.*, No. 04-2766, 2008 WL 7602163, at *2 (E.D. La. July 8, 2008); *Perdomo v. United States*, No. 11-2374, 2012 WL 2138106, at *4 (E.D. La. June 11, 2012); *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008)).
[27] *Rea*, 2014 WL 4981803, at *2 (citing *LaShip*, 296 F.R.D. at 480; *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011)). *See also Williams v. State*, No. 14-00154-BAJ-RLB, 2015 WL 5438596, at *3 (M.D. La. Sept. 14, 2015).
[28] *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995).
[29] *Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996).

The Government seeks to exclude Dr. Trahant's testimony regarding causation because, although he was disclosed only as a treating physician, Dr. Trahant relied on records from other medical providers and, apparently, intends to express his opinion as to the cause of Ms. Stone's injuries. The Government argues that this testimony should be excluded because he failed to provide an expert report as required by Rule 26(a)(2)(B).[30]

Rule 37(c) provides "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*"[31] In considering whether a violation of Rule 26(a) is harmless, and therefore whether an expert's testimony should be struck, the Court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[32]

With respect to any failure to identify Dr. Trahant as an expert, Plaintiffs contend Dr. Trahant is properly designated as a treating physician, and does not need to submit an expert report, because his review of Ms. Stone's medical records were part of his treatment and diagnosis.[33] The issue raised by the Government's motion *in limine* is whether Dr. Trahant should be prohibited from opining on the *cause* of Ms. Stone's injuries.[34] Dr. Trahant should have submitted an expert report with respect to his

---

[30] R. Doc. 66-1.
[31] FED. R. CIV. P. 37(c) (emphasis added).
[32] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).
[33] R. Doc. 71.
[34] *See Hooks v. Nationwide Hous. Sys., LLC*, No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016) ("[T]estimony as to causation or as to future medical treatment has been considered the province of expert testimony subject to the requirements of section (a)(2)(B).").

causation opinion, but under this scenario, the Court finds such a failure to be harmless.[35] The Government had the opportunity to and did depose Dr. Trahant with respect to his theory of causation and the extent to which his review of other medical providers' records influenced that opinion,[36] thereby reducing any prejudice to the Government.

Because this is a bench trial, the Court will allow Dr. Trahant to testify regarding causation, as well as his treatment of the Plaintiff. "[A] judge in a bench trial should have discretion to admit questionable technical evidence, though of course [she] must not give it more weight than it deserves."[37] The fact that Dr. Trahant did not submit a report, and based his opinion regarding causation on other providers' medical records, will go to the weight of the evidence. Attacking the basis of Dr. Trahant's testimony will be left to the Government's vigorous cross-examination and presentation of contrary evidence.[38]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion *in limine* is **DENIED**.

New Orleans, Louisiana, this 9th day of May, 2017.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] *See* FED. R. CIV. P. 37(c).
[36] *See* R. Doc. 66-3.
[37] *Thompson v. Rowan Companies, Inc.*, No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007).
[38] The Government relies on this Court's ruling in *Parker v. NGM Ins. Co.* No. 15-2123, 2016 WL 3198613 (E.D. La. Jun. 9, 2016). In *Parker*, defense counsel attempted to convert a treating physician into a retained expert by showing him other providers' medical records at his deposition, and asking for an impromptu opinion. The Court granted the motion *in limine* and allowed the treating physician to present to the jury only his opinions with respect to his treatment of the patient and the medical records generated as a result of his treatment. Because the facts of this case are distinguishable, and most importantly because this case is set for a bench trial, the Court distinguishes its ruling in *Parker*.